

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2006

# Perkins v. Sebring Assoc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2235

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Perkins v. Sebring Assoc" (2006). *2006 Decisions*. Paper 1593.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1593

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2235
_____

PAMELA PERKINS; BRYANT YOUNG,

Appellants

v.

SEBRING ASSOCIATES THE EXCELSIOR II;
ANTHONY SCOTT PALMERI, Owner 140 Prospect
Avenue Hackensack, NJ 07601

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-2008)
District Judge: Honorable Jose L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
October 21, 2005

BEFORE: ROTH, RENDELL and AMBRO, <u>CIRCUIT JUDGES</u>

(Filed February 13, 2006 )
_____

OPINION
_____

PER CURIAM

Police officers arrested Pamela Perkins and Bryant Young in their apartment in

"Sebring Associates/The Excelsior II," an apartment building owned by "Anthony/Scott Palmeri." Perkins and Young brought suit against their building and its owner, contending that the named Defendants/Appellees disregarded their rights when Defendants/Appellees allowed police officers "to push their way past a security desk and into a tenant's apartment." Compl. at "Questions Presented." They also claimed that "Sebring Associates jeopardized [their] safety and lives." Id. at ¶ 22. More specifically, Perkins complained that the person stationed at the front desk of the building did not alert her to the police presence because a police officer prevented him from doing so. See id. at ¶ 6. Perkins and Young also alleged that the police entered the building with the permission of "The Excelsior II." Id. at ¶ 21. In the rest of their complaint, they described the actions of the police officers and the aftermath of their arrests.

Perkins and Young listed their claims as violations of the Fourth Amendment and other "civil rights," as well as claims of "discrimination," "violation of the right to privacy (trespassing with no search warrant)," "embarrassment and defamation of character," and "financial loss." Complaint at "Preliminary Statement" and "Questions Presented."[1] The District Court held that Perkins and Young failed to state a federal

---

[1]On appeal, Appellants restate their allegations and specifically argue that the District Court did not properly evaluate their claims of violations of the Fourth Amendment, their right to quiet enjoyment of their residence, and their right to privacy. See Appellants' Brief at 8-9. In their brief, they also include claims of trespassing, defamation, and perjury. See id. at 10. They first raised their claim relating to quiet enjoyment in a supplemental response to the motion to dismiss filed in the District Court. The District Court construed any potential federal claims against the named Defendants/Appellees as

claim and declined to exercise supplemental jurisdiction over their state law claims. See

FED. R. CIV. P. 12(b)(6); 28 U.S.C. § 1367(c). Perkins and Young appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary

review over the dismissal pursuant to Rule 12(b)(6). Lum v. Bank of Am., 361 F.3d 217,

223 (3d Cir. 2004). We review the dismissal of the state law claims pursuant to 28 U.S.C.

§ 1367(c) for abuse of discretion. Cf. De Asencio v. Tyson Foods, Inc., 342 F.3d 301,

311 (3d Cir. 2003).[2]

We will affirm the District Court's order because Perkins and Young failed to state

a claim under 42 U.S.C. § 1983. As the District Court noted, § 1983 claims require state

action. See Lugar v. Edmundson Oil Co., 457 U.S. 922, 929 (1982). In their allegations

against the named Defendants/Appellees, the entirety of which are reproduced above,

Perkins and Young did not allege state action. They did not allege that

Defendants/Appellees, who are not state actors, engaged in concerted behavior, extensive

cooperation, or a conspiracy with the state. See, e.g., Harvey v. Plains Twp. Police Dep't,

No. 04-1148, 2005 U.S. App. LEXIS 18756, at * 24-25 (3d Cir. Aug. 30, 2005); Moore v.

_____

claims arising under 42 U.S.C. § 1983, and did not explicitly list the state law claims it declined to consider. Because it appears that the claim of a violation of the right to quiet enjoyment was one of the claims the District Court evaluated, the dismissal of that claim will be considered. However, we will not consider new claims of defamation or other claims raised for the first time on appeal. See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994).

[2]In light of the arguments pro se Appellants present in their brief, we reject Appellees' contention that Appellants do not challenge the dismissal of their state law claims.

3

Marketplace Rest., Inc., 754 F.2d 1336, 1352-53 (7th Cir. 1985). They merely claimed that police officers, who converged on their apartment building and prevented the person at the front desk from calling Perkins, were allowed to enter the building to arrest them. Such allegations do not state a claim under § 1983 for a violation of the Fourth Amendment. Indeed, they do not state a claim upon which relief can be granted under any federal law.

Because Perkins and Young failed to state a federal cause of action, the District Court properly acted within its discretion to choose not to exercise supplemental jurisdiction over their state law claims. See 28 U.S.C. § 1367(c); De Asencio, 342 F.3d at 309.

For the foregoing reasons, the District Court's order will be affirmed.